# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-8851 PA (SKx) | Date | January 5, 2018 |
| Title | Star Fabrics, Inc. v. Rainbow Shops, et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Kamilla Sali-Suleyman | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** ORDER TO SHOW CAUSE

      The Court has reviewed the Complaint filed by plaintiff Star Fabrics, Inc. ("Plaintiff") against Rainbow Shops; Just One, LLC; Kahini Fashion, LLC; Sweet Claire, Inc.; and 10 Doe defendants (collectively, "Defendants"). (Compl., Docket No. 1.) Plaintiff now has filed a notice identifying Textile One, Inc. as one of the Doe defendants. (Docket No. 14.) In its Complaint, Plaintiff alleges that it owns a two-dimensional artwork used for textile printing that has been registered with the U.S. Copyright Office. (Compl. ¶ 12.) Plaintiff further alleges that Defendants "sold and/or distributed fabric and/or manufactured or caused to be manufactured, garments featuring a design substantially similar to" Plaintiff's copyrighted design. (Id. ¶ 14.) As examples, Plaintiff alleges that Rainbow Shops sold an infringing item appearing to have been manufactured by Just One, LLC, and that Kahini Fashion, LLC sold an infringing item appearing to have been manufactured by Sweet Claire, Inc. (Id.)

      Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u>
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added); see also <u>League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency</u>, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1350 (9th Cir. 1997).

      Based on the factual allegations in the Complaint, it is not clear whether Plaintiff asserts any right to relief against Defendants "jointly, severally, or in the alternative with respect to or arising out of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8851 PA (SKx) | Date | January 5, 2018 |
|---|---|---|---|
| Title | Star Fabrics, Inc. v. Rainbow Shops, et al. | | |

the same transaction, occurrence, or series of transactions or occurrences." See, e.g., Golden Scorpio Corp. v. Steel Horse Bar & Grill, 596 F. Supp. 2d. 1282, 1285 (D. Ariz. 2009) (noting that "authority from other courts provides that allegations against multiple and unrelated defendants for acts of . . . copyright infringement do not support joinder under Rule 20(a)," and collecting cases). The Complaint does not include a statement asserting that Defendants are properly joined. See Star Fabrics, Inc. v. Sears Roebuck & Co., No. CV 12-8397 PSG (MRWx), 2013 U.S. Dist. LEXIS 49204, at *2-3 (C.D. Cal. Apr. 4, 2013). Instead, Plaintiff in conclusory fashion alleges, on information and belief, that "each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby." (Compl. ¶ 10.) Plaintiff also alleges in similarly conclusory fashion that "one or more of the Defendants manufactures garments and/or is a garment vendor" and "has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed" Plaintiff's copyright. (Id. ¶ 17.) Plaintiff alleges no other facts relevant to the Rule 20(a)(2) inquiry.

The Court therefore orders Plaintiff to show cause in writing no later than January 19, 2018, why one or more defendants should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 20, 21; Star Fabrics, Inc., 2013 U.S. Dist. LEXIS 49204, at *3-4 (ordering plaintiff to show cause why the parties are properly joined); see also Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court."). In response to this Order to Show Cause, Plaintiff may, if it so chooses, limit its claims to one of the retailer Defendants and its alleged supplier. Plaintiff may then, if it so chooses, file separate actions against the other Defendants with new complaints and filing fees.

IT IS SO ORDERED.